**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marisela Velasco, | No. CV-18-02340-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Bodega Latina Corporation, et al., | |
| Defendants. | |

Plaintiff Marisela Velasco seeks remand of this case to state court based on the alleged absence of the requisite amount in controversy. Defendant Bodega Latina Corporation opposes remand by pointing out Plaintiff made a settlement demand for more than $75,000. Plaintiff has not explained why her settlement demand should be ignored. Therefore, the motion to remand will be denied.

On May 20, 2016, Plaintiff was shopping at a store operated by Defendant. Plaintiff was injured when she slipped on an "unknown and unmarked liquid . . . on the floor." (Doc. 1-2 at 4). On June 19, 2017, Plaintiff filed the present suit against Defendant in Maricopa County Superior Court. Defendant answered the complaint and the parties proceeded with discovery. (Doc. 1-2 at 13). On July 10, 2018, the parties participated in a Settlement Conference. According to a declaration provided by defense counsel, during that conference "Plaintiff demanded $92,500 in exchange for a release and dismissal of the lawsuit." (Doc. 1-4 at 2). According to defense counsel, that was the first indication that more than $75,000 was in controversy. On July 25, 2018,

1 Defendant removed the case to this Court.

2 Shortly after the removal, the Court issued an Order noting the case had been pending in state court for more than one year. Plaintiff was directed to file a statement indicating whether she would seek remand based on the one-year limitation found in 28 U.S.C. § 1446(c)(1). (Doc. 6). The same day that Order was issued, Plaintiff filed a motion to remand. That motion, however, does not invoke the one-year limitation. Instead, Plaintiff's sole argument in support of remand is that Defendant has not established more than $75,000 is in controversy. Thus, Plaintiff waived the procedural defect and the Court cannot remand on that basis. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (holding "a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s one year-time limitation absent a timely filed motion to remand").

According to Plaintiff, Defendant has not established more than $75,000 is in controversy. The motion to remand makes a number of unequivocal statements on this point, including:

- "At no time have Plaintiffs [sic] represented to anyone that the amount in controversy meets the jurisdictional requirements of this Court."
- "Plaintiffs [sic] have never suggested that the amount in controversy would ever exceed or even come close to $75,000."
- "Defendant has not given the Court any basis for speculating that the amount in controversy is even one dollar over $50,000, let alone $75,000.00 or over."

Plaintiff's motion does not address the settlement demand described by defense counsel.[1] Defendant's opposition to the motion reiterates that Plaintiff made a settlement demand for $92,500. Plaintiff did not file a reply.

A settlement demand "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*,

---

[1] The motion to remand is a lightly edited version of a motion to remand filed in a completely unrelated case, *Romero v. Mendota Insurance Company*, CV-16-3149-PHX-GMS. The present motion even refers to Bodega Latina Corporation as "Mendota" at one point. (Doc. 7 at 2).

- 2 -

1  281 F.3d 837, 840 (9th Cir. 2002). A settlement demand, however, is not necessarily controlling. A plaintiff is free to argue a settlement demand for more than $75,000 "was inflated and not an honest assessment of damages." *Id.* But when a plaintiff has "made no attempt to disavow" a settlement demand, courts routinely accept a settlement demand as accurately describing the amount in controversy. *Id. See also Joo Yun Chung v. Safeway Inc.*, No. CV 17-00597 HG-KJM, 2018 WL 1794720, at *4 (D. Haw. Apr. 16, 2018) (concluding evidence of settlement demand satisfied amount in controversy requirement).

Here, Plaintiff's motion to remand does not disavow her settlement demand. Instead, the motion pretends no settlement demand was made. Given that defense counsel submitted a sworn declaration describing the settlement demand, and Plaintiff offers no contrary evidence, the preponderance of the evidence establishes a settlement demand was made for more than $75,000. In light of the injuries Plaintiff alleged, the amount of the settlement demand was not patently unreasonable such that it should be ignored. Therefore, the settlement demand establishes the amount in controversy exceeds $75,000. The motion to remand will be denied.

Finally, because this case was pending in state court for a substantial period of time, it is unclear what schedule this Court should impose. The parties will be required to file a status report addressing the following:

- the status of discovery;
- when Plaintiff will file her opposition to Defendant's motion for summary judgment; and
- any other matters necessary for the expeditious resolution of this matter.

… …

… …

… …

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **September 7, 2018**, the parties shall file a status report as outlined above.

Dated this 31st day of August, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge